IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02665-BNB

MIKEAL GLENN STINE,

      Plaintiff,

v.

U.S. FEDERAL BUREAU OF PRISONS,
DR. CHRISTOPHER WILSON, ADX,
DR. DAVID ALLRED, Clinical Director,
BLAKE DAVIS, Warden, ADX,
MR. MUNSON, Associate Warden, ADX,
A. OSAGIE, Physician Assistant, ADX,
MR. SMITH, Assistant, Administrative Health Services, and
JOHN DOE, Unknown Defendants,

      Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 28 2011

GREGORY C. LANGHAM

---

ORDER OF DISMISSAL

---

      Applicant, Mikeal Glenn Stine, is in the custody of the United States Bureau of

Prisons (BOP) and currently is incarcerated at ADX Florence.  Mr. Stine, acting *pro se*,

has filed a "Petition Pursuant to Court Seeking Leave to File a Pro-Se Action Alleging

Imminent Danger," Affidavit, Prisoner Complaint pursuant to *Bivens v. Six Unknown*

*Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. §§

1331, and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §

1915.  In the Complaint, Mr. Stine raises one claim regarding his acid reflux condition.

      The Court has reviewed the Petition seeking leave to file a pro se action and finds

that Mr. Stine has not complied with the requirements of his filing restrictions under

Case No. 07-cv-01839-WYD-KLM at Document No. 344.  Mr. Stine is required to submit

three separate documents that include specific information.  Although Mr. Stine is aware

of the requirements, he continues (as he has in his past filings) to abuse the judicial process by not complying with all of the requirements. Mr. Stine does not state in the Petition, as he is required to do, whether any defendant to this anticipated lawsuit was a party in any prior lawsuit that he filed. He also fails to submit the information he is required to provide regarding each previous case he has filed. Finally, Mr. Stine's affidavit does not include all of the recitals required.

However, even if the Court were to find that Mr. Stine complied with the restrictions stated in Case No. 07-cv-01839-WYD-KLM, he still is subject to filing restrictions under 28 U.S.C. § 1915(g).

In relevant part, § 1915 provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Mr. Stine has filed more than three actions in a court of the United States while he was incarcerated or detained in any facility that were dismissed as frivolous or for failure to state a claim. *Stine v. Collins, et al.*, No. 08-cv-00298-ZLW (D. Colo. Mar. 4, 2008) (dismissed as frivolous and malicious under 28 U.S.C. § 1915(e)(2)(B)(i)), *aff'd*, No. 08-1078 (10th Cir. June 4, 2008) (district court's dismissal counts as a strike under 28 U.S.C. § 1915(g)); *Stine v. Wiley, et al*, No. 07-cv-00102-ZLW (D. Colo. Feb. 8, 2007) (dismissed as frivolous and malicious under 28 U.S.C. § 1915(e)(2)(B)(i)); *Stine v. Reeves*, No. 07-cv-00581-PGR-MHB (D. Ariz. Apr. 2, 2007) (dismissed for failure to state a claim within the purview of 28 U.S.C. § 1915(g)). The

court's § 1915(g) determination in each of the above-noted cases was in keeping with *Hafed v. Fed. Bureau of Prisons, et al.*, 635 F.3d 1172 (10th Cir. 2011).

To determine whether Mr. Stine is "under imminent danger of serious physical injury," the Court looks to the allegations in his Complaint. *See Ibrahim v. Dist. of Columbia,* 463 F.3d 3, 6 (D.C. Cir. 2006). In addition, the Court liberally construes Mr. Stine's Complaint, accepting the allegations as true. *See Martinez v. Garden,* 430 F.3d 1302, 1304 (10th Cir. 2005) (noting that the court construe "a pro se complaint liberally" and "must accept the allegations of the complaint as true" (quotation omitted)). In order to meet the "imminent danger" requirement, "the harm must be imminent or occurring at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). In other words, allegations of past injury or harm are insufficient, *see id.*, as are vague and conclusory assertions of harm, *see White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998). To fall within the exception, Mr. Stine's Complaint must therefore contain "*specific* fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (emphasis added).

In the instant action, Mr. Stine argues that, pursuant to BOP policy, the named defendants no longer will provide him with Omeprazole for treatment of his acid reflex condition. Mr. Stine further contends that Omeprazole is the only medication that adequately treats his reflux condition, which is documented in his medical records since 1999. Mr. Stine also states that he was told by BOP staff that he would no longer be given the Omeprazole and would have to purchase the medication from the inmate store with his own monies. Mr. Stine claims he is indigent and cannot afford to purchase the medication. Mr. Stine further asserts that because he is denied the medication he is

3

refluxing blood, has extreme pain when he eats or talks, and has a change in his voice.

Omeprazole is a proton pump inhibitor (PPI) that blocks the production of stomach acid, reduces stomach acid, and allows ulcers and esophageal damage to heal. *See* http://www.ehow.com/facts_5498066_omeprazole-mg-side-effects.html. Omeprazole is available as Prilosec and in generic form, both by prescription and over the counter. *Id.* Requiring Mr. Stine to purchase Omeprazole from the inmate store does not violate his constitutional rights, *per se.* The Court also notes that Mr. Stine has available to him, if he is indigent, Mylanta II/Maalox Plus Liquid. *See Stine v. Fed. Bur. of Prisons*, No. 11-cv-00109-WJM-CBS, Doc. No. 222 at 17 (D. Colo. Filed Jan. 14, 2011) (Mr. Stine filed a motion for injunctive relief in this case seeking acid reflux medication. Attached to the motion was a BOP document that lists the over-the-counter medication available to indigent inmates.)

Mr. Stine states that only Omeprazole has successfully treated his acid reflux since 1999. He, however, does not state that he recently tried Mylanta to see if it would help his condition. Furthermore, the Court notes that Mr. Stine was able to obtain funds from a family member to pay the $350.00 filing fee in full in Case No. 11-cv-00109-WJM-CBS. *See id.* at Doc. No. 58. Mr. Stine, therefore, is able to obtain funds when necessary from third parties.

Mr. Stine's acid reflux claim fails to assert imminent danger of serious physical injury. Mr. Stine has Mylanta available at no cost, but he has elected not to try this medication to address his acid reflux. "[A] mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment." *Richard v. Boker*, 379 F. App'x 719, 722 (10th Cir. 2010) (quoting *Ramos v. Lamm*, 639 f.2d 559, 575

4

(10th Cir. 1980) (internal quotation marks omitted).  Like Mr. Stine's past actions filed in this Court, he attempts in this action to blame the BOP for incidents that are no more than his refusal to comply with prison policies and procedures and to take responsibility for his own personal needs.

Therefore, because Mr. Stine fails to assert that he is in imminent danger due to defendants' refusal to provide him with Omeprazole, and because he has filed at least three actions that were dismissed as legally frivolous or for failure to state a claim, he is restricted from proceeding pursuant to 28 U.S.C. § 1915(g).  Accordingly, it is

ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, Doc. No. 2, is denied.  It is

FURTHER ORDERED that the Complaint and action are dismissed without prejudice.  It is

FURTHER ORDERED that the Motion to Attach Exhibits, Doc. No. 3, is denied as moot.

DATED at Denver, Colorado, this   28th   day of ___October_____, 2011.

BY THE COURT:

___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-02665-BNB

Mikeal Glenn Stine
Reg. No. 55436-098
ADX – Florence
PO Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on October 28, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
                    Deputy Clerk