IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02665-LTB

MIKEAL GLENN STINE,

    Plaintiff,

v.

U.S. FEDERAL BUREAU OF PRISONS,
DR. CHRISTOPHER WILSON, ADX,
DR. DAVID ALLRED, Clinical Director,
BLAKE DAVIS, Warden, ADX,
MR. MUNSON, Associate Warden, ADX,
A. OSAGIE, Physician Assistant, ADX,
MR. SMITH, Assistant, Administrative Health Service, and
JOHN DOE, Unknown Defendants,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

The matter before the Court is the "Verified Motion to Reconsider the Courts [sic] Order of Dismissal Under Rule 59(e) Federal Rules of Civil Procedure 'With Good Cause,' with Expedited Consideration" that Plaintiff, Mikeal Glenn Stine, a *pro se* prisoner litigant, filed on November 7, 2011.  Mr. Stine is in the custody of the United States Bureau of Prisons and currently is incarcerated at ADX in Florence, Colorado. Mr. Stine seeks reconsideration of the Order of Dismissal and the Judgment entered on October 28, 2011.  The Court must construe the Motion liberally because Mr. Stine is proceeding *pro se*.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the Court will deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Stine's Motion to Reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the dismissal and judgment were entered in this action on October 28, 2011. *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

In the Motion, Mr. Stine concedes he has not complied with the sanctions he is subject to under *Stine v. Lappin, et al.*, No. 07-cv-01839-WYD-KLM, Doc. No. 344 (D. Colo. Sept. 1, 2009). He requests a waiver of the sanctions because he does not have the funds to obtain the necessary court documents that contain the information he is required to submit to the Court when seeking permission to file a new case. The Court is not responsible for Mr. Stine's inability to comply with the restrictions set forth in Case

No. 07-cv-01839 and will not waive the requirements of the sanctions. Mr. Stine also was informed in *Stine v. Fed. Bureau of Prisons*, No. 11-cv-00109-WJM-CBS, Doc. No. 9 (D. Colo. filed Jan. 14, 2001), that the Court would not make special efforts in the future to address his claims of imminent danger of serious physical harm if he did not comply with the terms of the sanction stated in Case No. 07-cv-01839-WYD.

Nonetheless, Mr. Stine has alternatives to address his medical issue. He concedes that he is allowed two medications per month from the pharmacy. He does not claim that he is unable to replace one of the medications with Omeprazole (a proton pump inhibitor used for reflux disease) or that without either medication he currently receives he would be in imminent danger of serious physical injury. Moreover, Mr. Stine does not describe with any specificity how he used the Mylanta II/Maalox Plus on a regular basis during September and October 2011 but still did not receive relief from either the Mylanta or the Maalox. He only states that the Mylanta II/Maalox Plus was completely ineffective. Mr. Stine, therefore, fails to assert specific fact allegations that the provision of the Mylanta 11/Maalox Plus by prison staff in place of Omeprazole is a "pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

In further support of Mr. Stine's failure to state imminent serious physical injury based on a pattern of misconduct by prison staff, the Court notes, as it did in the Order of Dismissal, that Mr. Stine attempts to blame the BOP for incidents that are no more than his refusal to comply with prison policies and procedures and to take responsibility for his own personal needs. The Court further notes that Mr. Stine has a history of filing

false pleadings and inundating the Court with meritless and frivolous filings.  *See* Case No. 07-cv-01839-WYD-KLM, Doc. No. 344 at 23.

The Court, therefore, will deny Mr. Stine's Motion to Reconsider because he fails to demonstrate that the Court misapprehended the facts, his position, or the controlling law and that reinstatement of this action is deserving.  Accordingly, it is

ORDERED that Mr. Stine's Motion to Reconsider (Doc. No. 10) filed on November 7, 2011, is denied.

DATED at Denver, Colorado, this   8th   day of   December  , 2011.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court